CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

MAY 25 2011

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 6:06-cr-00012-2 |
| | ) | |
| v. | ) | **§ 2255 MEMORANDUM OPINION** |
| | ) | |
| CARL ANTONIO ROBINSON | ) | By: Hon. Norman K. Moon |
| | ) | United States District Judge |

Carl Antonio Robinson, a federal probationer proceeding pro se, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Robinson requests his release from incarceration imposed by the court's judgment sentencing him to fifty-seven total months' incarceration for his illegal drugs and firearm convictions. The United States filed a motion to dismiss, and Robinson responded, making the matter ripe for disposition. After reviewing the record, the court finds that the United States' motion to dismiss must be granted.

I.

A grand jury in the Western District of Virginia indicted Robinson as one of three defendants in an eleven-count indictment that alleged acts involving a conspiracy to distribute illegal drugs while handling firearms. A jury convicted Robinson on four counts: conspiring to distribute cocaine base in violation of 21 U.S.C. § 846 ("Count One"); distributing cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) ("Count Six"); aiding and abetting in the distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) ("Count Eight"); and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) ("Count Ten"). The court held Robinson's sentencing hearing on November 28, 2006, during which Robinson made several arguments concerning his sentence. Robinson argued, inter alia, that the drug weight the jury attributed to him was less than the amount attributed to him in the presentence

report ("PSR"); the quantity of drugs attributable to him was miscalculated in the PSR; and he should receive a downward departure under Guideline § 5K2.13 for reduced mental capacity. (Sent. H'rg Tran. (USA's Mot. to Dismiss Ex. A) 12, 9-14, 32-42, 44, 47.) The court was not persuaded by these arguments and on December 4, 2006, ordered Robinson to, inter alia, serve seventy months' incarceration followed by six years of supervised release.[1]

Robinson timely noted an appeal, challenging only his sentence for three reasons. Robinson first argued that his Sixth Amendment right was violated because the court, instead of the jury, determined the drug weight to calculate his advisory guideline range. Robinson also argued that the court's determination of drug weight was not supported by a preponderance of the evidence. Finally, Robinson argued that the court should have granted him a downward departure for diminished capacity. The Fourth Circuit Court of Appeals considered these arguments but affirmed Robinson's sentence. United States v. Robinson, No. 06-5250 (4th Cir. July 9, 2007) (per curiam).

In January 2009, Robinson filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, with the United States District Court for the Southern District of West Virginia, which subsequently transferred the petition to this court.[2] In this pleading, Robinson alleges that the court improperly determined the applicable drug quantity ("Claim 1"), improperly applied the United States Sentencing Guidelines ("Guidelines") for measuring the quantity of drugs ("Claim 2"), inadequately explained the applicability of the imposed sentence ("Claim 3"), improperly

---

[1] The court subsequently lowered the total time of incarceration to fifty-seven months, pursuant to 18 U.S.C. § 3582(c)(2), after the applicable guideline sentencing range was lowered and made retroactive by the United States Sentencing Commission.

[2] Robinson did not object to the court construing the petition as a § 2255 motion to vacate, set aside, or correct sentence.

2

calculated his criminal history score ("Claim 4"), improperly denied his request for a downward departure from the Guidelines ("Claim 5"), and was not impartial ("Claim 6"). Robinson further argues that his felon in possession of a firearm conviction was based on an illegal search and seizure ("Claim 7"). Robinson seeks as relief an "end to his illegal incarceration and order his immediate release" because he believes he should have only served sixteen months' incarceration, which he had already served when he filed the pleading. However, Robinson completed his total term of incarceration during the pendency of this action, was released from the physical custody of the Bureau of Prisons, and is subject only to the remaining period of supervised release.

II.

After conviction and exhaustion, or waiver, of any right to appeal, courts and the public can presume that a defendant stands fairly and finally convicted. See United States v. Frady, 456 U.S. 152, 164 (1982). However, prisoners in federal custody may attack the validity of their sentences, pursuant to 28 U.S.C. § 2255. Section 2255 cures jurisdictional errors, constitutional violations, proceedings that resulted in a "complete miscarriage of justice," or events that were "inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 784 (1979). In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Although Robinson argues his sentence violates his constitutional rights, the court

finds his requested relief moot and his claims are either barred by res judicata or by his procedural default.

A.  Robinson's requested relief is moot.

Petitioner requests as relief to be released from incarceration. Generally, a case becomes moot when "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969). Even if a case was live at its inception, an actual controversy must exist during all stages of litigation to satisfy the case-or-controversy requirement of Article III of the U.S. Constitution. Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990). Thus, when changes occur during the course of litigation that eliminate the petitioner's interest in the outcome of a claim or the petitioner's need for the requested relief, the claim must be dismissed as moot. See Friedman's Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002).

Robinson is still "in custody" by supervised release to permit him to attack his judgment via § 2255. However, Robinson does not challenge his conviction but only the length of his sentence of imprisonment because of the alleged errors in his Guidelines calculations. For example, Robinson's claims about an erroneous drug quantity, erroneous sentencing calculation, erroneous criminal history score, and improper denial for a downward departure relate only to the calculations in which the range of custodial sentencing range was affected. Thus, Robinson's need for the requested relief is moot because Robinson's only requested relief from the judgment was to be released from incarceration, and he has already been released from that challenged length of incarceration.

4

B.  Claims 1, 2, and 5 are barred by res judicata.

Even if the motion was not mooted by his release, Robinson may not relitigate claims already considered by the Court of Appeals on direct appeal. United States v. Boeckenhaupt, 537 F.2d 1182, 1183 (4th Cir. 1976). The Court of Appeals affirmed Robinson's sentence after considering and rejecting Claims 1, 2, and 5. Therefore, the court will not address the merits of these particular claims as they have already been addressed by the Court of Appeals.

C.  Claims 3, 4, 6, and 7 are procedurally defaulted.

As discussed supra, Robinson only argued three claims challenging his sentence when he appealed. "[H]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998). Claims that could have been but were not raised on direct appeal are procedurally defaulted unless the petitioner demonstrates both cause for the default and actual prejudice from the failure to review the claim or demonstrates that he is actually innocent. See, e.g., United States v. Mikalajunas, 186 F.3d 490, 492-95 (4th Cir. 1999); Bousley, 523 U.S. at 622; Schlup v. Delo, 513 U.S. 298, 321 (1995).

Robinson did not present Claims 3, 4, 6, or 7 to the Court of Appeals although the matters would have appeared in the record for the appellate court's consideration. Because Robinson did not raise these claims on direct appeal, they are procedurally defaulted unless he demonstrates cause and prejudice or actual innocence. However, Robinson does not allege any cause or prejudice to excuse his default or that he is actually innocent of his convictions. Accordingly, the court finds that Robinson procedurally defaulted Claims 3, 4, 6, and 7, he does not establish an

exception to default, and the court must dismiss them.[3]

III.

For the foregoing reasons, the court grants the United States' motion to dismiss and dismisses Robinson's motion to vacate, set aside, or correct sentence.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to Robinson and counsel of record for the United States.

ENTER: This 25th day of May, 2011.

United States District Judge

---

[3] Even if these claims were not procedurally defaulted, they are meritless. The court stated on the record that it considered the applicable sentencing factors in 18 U.S.C. § 3553(a), recognized that the Guidelines were advisory, and discussed Robinson's criminal conduct and personal characteristics. See United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006) (noting a district court is not required to "robotically tick" through the § 3553(a) factors). Robinson properly received three criminal-history points for his prior convictions or diversionary disposition following a finding of guilt in a judicial proceeding within ten years of the conduct giving rise to the instant convictions. Robinson wholly fails to show the court's bias, which requires "a favorable or unfavorable disposition or opinion that is somehow wrongful or inappropriate, either because it is undeserved, . . . rests upon knowledge that the subject ought not to possess[,] . . . [or] is excessive in degree . . . ." Liteky v. United States, 510 U.S. 540, 550 (1994). Bias or partiality, however, are not "expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display." Id. at 555-56. Robinson also stipulated before the jury deliberated that he had a prior felony conviction and the firearm moved in interstate commerce, and he did not argue to the Court of Appeals that the evidence was insufficient to sustain the jury's finding that he unlawfully possessed it.